Parker, J.
Since the decisions of Catlett’s ex'or v. Russell, 6 Leigh 344. and Allen's ex'or v. Harlan's adm'r, Id. 42. it must be taken as settled law that an executor or administrator cannot be charged in detinue, merely on the possession of the testator or intestate; and that the thing sued for must have come to the hands of the representative himself, and be detained by him. If he so detains, an original action may be maintained against him on his own possession, or the suit brought against the testator or intestate may be revived by scire facias; but if so revived, there must be a suggestion in the scire facias, that the specific thing, after the death of the testator or intestate, came to the hands and possession of the executor or administrator; or on the return of a scire facias executed, requiring him to shew cause generally why the action should not be revived, the plaintiff should file a count alleging such possession. If, therefore, the administrator Allen had given no consent to the revivor, and such a scire facias had been served upon him as was issued against Moore, without new pleadings, this judgment must have been reversed. But he consenting that the suit should stand revived, and dispensing with a scire facias, must be taken to have consented to its revivor on such terms and conditions as justified the plaintiff in continuing *528 the action against him, and without which he could, not ... . . . . have revived it at ail. That is to say, it stood revived aS ^ Pontiff alleged in a scire facias the fact of a possession and detention by Allen himself, after ¿eath of his intestate. In this situation, he might have pleaded de novo; but he proceeds to trial on the plea of non detinet filed by his intestate, thus admitting his own possession under his intestate, but denying that the latter detained the slaves against the rights of the plaintiff; and there is a verdict against him. The case of Murdoch &c. v. Herndon's ex'ors, 4 Hen. & Munf. 200. shews that it is now too late to object to that verdict.
As to the form of the judgment, making him personally liable for the slaves and their values, while the costs and damages were to be levied de bonis testatoris— I can only say that such is understood to have been the opinion of a majority of the judges in Catlett's ex'or v. Russell; and I concur in their opinion.
Brockenbrough, J.
The first question here is as to the effect of the consent order, namely, “ that the suit be revived in the name of the said Joseph Allen administrator as aforesaid.” After the death of the original defendant, a scire facias was issued against Moore the first administrator, to shew cause why the issue which had been made up between the plaintiff and the original defendant should not be proceeded in to a final judgment. In this scire facias there is no suggestion that the slaves sued for in the action of detinue, came, after the death of the intestate, to the hands of the administrator. Such a suggestion in the scire facias was deemed proper by this court in the case of Allen's ex'or v. Harlan's adm'r, 6 Leigh 42. and in Catlett's ex'or v. Russell, Id. 344. But if the suggestion be not made in the scire facias, it was deemed indispensable that a count should be added against the executor or administrator, charging that the thing sued for had come to the *529 bauds of the said representative. The whole court were of opinion that the executor could only be chargeable in detinue by force of his own possession; the possession and detention by the decedent not being sufficient.
When the estate of Greenlee was committed to the bands of the second administrator (the plaintiff in error) it was agreed that a scire facias to revive might be dispensed with, and that the suit should be revived in the name of the said administrator. The consent extended no further. There was no consent to dispense with any pleadings on the part of the plaintiff, which might be necessary to charge the administrator himself. If such consent had been intended, it would hardly have been left to doubtful construction; it would have been plainly expressed: the defendant would not only have consented to revive the suit (which means to place it in the same situation that it stood in at the original defendant’s death) but he would have consented to admit his own possession, and to dispense with any charge against him, or any defence for himself, on that subject. It can hardly be supposed that he did consent to do more than the plaintiff himself thought it necessary for him to consent to; and we have the evidence of the record to shew us, that the plaintiffonly thought it was necessary to revive it against the first administrator, in the same plight in which it stood on the original defendant’s death.
Understanding the consent order in. this way, the case is almost identical with that of Allen's ex'or v. Harlan's adm'r. There, as here, there was a declaration against the original defendant, charging him with the detention of the goods; non detinet pleaded by him, and issue on the pica; then the death of the defendant ; a scire facias against the executor, without a suggestion that the goods had come to his hands, and no count to that effect; a trial on the issue that the testatot *530 doth not detain; verdict, departing from that issue, and finding that the executor doth detain; and judgment against the executor for the goods, or their alternative value, to be levied de bonis propriis. There was also judgment for damages and costs against the executor de bonis propriis; in which respect the case differs from this. That judgment was declared to be erroneous, and reversed by the opinion of the whole court. It was reversed, because there was nothing charging the executor with the possession and detention, no issue on that fact, no trial on that fact, and yet a finding of that fact, and a judgment conforming with the finding. The same error, I think, exists here ; and I am for reversing the judgment on that account, and remanding the cause for á new trial.
Upon the hypothesis, however, that I am wrong in this, and that the plaintiff in error, by consenting to the revival of the suit, waived all enquiry into the fact of his own possession, or admitted it, still I think there is error in the judgment. The judgment is against the administrator for the alternative value of the slaves, de bonis propriis. As he was sued in his representative character, the judgment should have been against him in the same character, and to be levied, as to the value as well as the damages and costs, de bonis intestati. For my view on this subject, I refer to the opinion I expressed in Catlett's ex'or v. Russell, to which I still adhere. I had thought that on this point the opinions of three of my brethren, namely, the president, judge Broolce and judge Carr, were against me; but on examining the printed report of judge Carr's opinion, I think he waives a decision on it. I cannot therefore yield the point. This error would not require that there should be a new trial; but the judgment should be reversed and corrected here.
*531 Cabell, J.
If the plaintiff in the court below had sued out a scire facias against the administrator de bonis non, charging that the property had come into the possession of the administrator, and was detained by him ; and if the administrator had not chosen to avail himself of his right to plead de novo, but had relied on the plea put in by the intestate, it is clear that he could not, after verdict, avail himself of this irregularity.
The consent of the administrator that the cause should stand revived against him without a scire facias, must be regarded as an admission that the cause might rightfully be revived against him ; and as it could not be thus revived against him unless the property had come into his possession as administrator, his consent to revive must be regarded as an admission that the property had thus come into his possession. It placed the cause in the same situation as it would have stood in, if there had been a scire facias charging every thing essential to the maintenance of the action against the administrator. It is true that he might have controverted these facts by his subsequent pleading. But if he failed to do so, choosing to put in issue only the facts which had been controverted by the intestate, it is too late, after verdict, to avail himself of his own omission. He is irrevocably bound by his previous admissions, and by the verdict of the jury.
The case of Catlett’s ex’or v. Russell (to which I feel myself bound to submit) is conclusive as to the manner of entering the judgment; which must therefore be affirmed.
Tucker, P. concurred. Judgment affirmed.