DANIER, J.
It appears that the negro girl Maria, *the subject of this suit, was born after the death of the testator, and in the lifetime of Henley Cul-lins : And by the terms of the will the bequest of freedom to the slaves Nancy, Jane, Ann, Sally, Judith and America was to take effect only at the death or marriage of both of the testator’s daughters Henley and Polly, of whom Henley was the survivor.
Such a bequest, according to the decisions , of this court, confers no right of present *626 freedom on the legatee. On the contrary, the well established doctrine is, that where a person by deed or will declares his slave to be free at any particular age, or on the termination of a particular estate, or after a given period of servitude, or on the event of any contingency, the condition or status of the slave remains unaltered until such age is attained, or estate is terminated, or period of servitude has expired, or event has happened: And that any child born during such temporary servitude of the mother, follows the condition of the latter at the time of its birth, and is a slave. Maria v. Surbaugh, 2 Rand. 228: Crawford v. Moses, 10 Leigh 277; Henry v. Bradford, 1 Rob. R. 53; Ellis v. Jenny, 2 Rob. R. 597.
The cases of Elder v. Elder, 4 Leigh 252, Erskine v. Henry, 9 Leigh 188, and Lucy v. Cheminant’s adm’r, 2 Gratt. 36, are not at all in conflict with these decisions. In each of these last mentioned cases the children born before their mother’s right to freedom accrued, were adjudged to be free, not because of the prospective gift or bequest of freedom to the mothers, but because of some clause, in the deed or will, construed by the court, as extending the gift or bequest of freedom to the children themselves. In other words, the children derived their title to freedom not by descent but by purchase, as donees or legatees under the same instrument which gave freedom to their mothers.
Martha having been born during the servitude of *her mother Nancy, was consequently born a slave. And there being no clause in the will which, by any fair construction, can be taken as intending a bequest of freedom to her, she remains a slave. And as all the property remaining at the death or marriage of the survivor of the two daughters of the testator, is given over to the freedwomen, it would have been necessary, in order to determine the title to Martha, to enquire into the nature and extent of the estate given to the two daughters, and the validity of the title which the appellant Taylor asserts under the deed from Henley Cullins of the 26th June 1846, were it not for the provisions of the act of assembly of the 15th March 1832. But by the third section of this act (see Sessions Acts 1831-2, page 21), it is declared that no free negro' or mulatto shall thereafter be capable of purchasing or otherwise acquiring permanent ownership, except by descent, to any slave, other than his or her husband, wife or children; and all contracts for any such purchase are thereby declared to be null and void.
Nancjr, the mother of Martha, was the only one of the legatees in remainder who (upon the supposition that the bequest was in other respects good) could, under the exception in the statute, have acquired any title to Martha by virtue of said bequest. As she died in the lifetime of Henley Cul-lins, it is obvious that the other freed-women have no legal concern about or interest in the title to Martha. None, as legatees in remainder, because of the provisions of the statute, and none by descent as next of kin to Nancy, inasmuch as she died before any right to freedom or property under the will accrued.
It seems to me, therefore, that there is manifest error in so much of the decree of the 12th of July 1853, as decrees Taylor to deliver to Stratton, administrator de bonis non with the will annexed of John Cullins, the slave Martha, and any other of the children *of the emancipated slaves born since the death of said John Cullins and before the death of Henley Cullins, which he may now hold: And that instead of so much of said decree, the Circuit court ought to have rendered a decree dissolving the injunction, and dismissing the bill as to Taylor, with costs to Taylor.
No one but Taylor has appealed; and it is therefore unnecessary to express any opinion as to the other portions of the decree, with which he has no concern.
The other judges concurred in the opinion of Daniel, J.
The decree was in conformity with the opinion.